**Jimmy Lee ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–001242–CR.**

Court of Appeals of Texas, Dallas.

Oct. 28, 1987.

Keith E. Jagmin, Dallas, for appellant.

Gilbert P. Howard, Dallas, for appellee.

Before STEWART, STEPHENS and BAKER, JJ.

BAKER, Justice.

Jimmy Lee Allen appeals his conviction for aggravated robbery. A jury returned a guilty verdict and the court assessed punishment at twenty-five years' confinement.

In his sole point of error, appellant complains that the trial court erred in allowing the State to impeach him by introducing two offenses for which he was convicted in 1969. We find no abuse of discretion by the trial court and affirm appellant's conviction.

At trial, the State's case hinged primarily on the testimony of Ricky Andre Young, the complainant. Young testified that during the early morning hours of July 12, 1986, he was accosted by two armed men who demanded his money. After complying with their demands, he called police who arrested the two robbers after Young pointed to them through a window. Young twice again positively identified appellant as one of his assailants, once during a police lineup and again at trial.

At a hearing outside the jury's presence, appellant requested the trial court to instruct the State not to offer evidence of any convictions more than ten years old. The State then informed the court that appellant had four previous convictions: he was convicted of felony theft in 1969, of unauthorized use of a motor vehicle in 1969 and again in 1977, and of unlawful possession with intent to deliver a controlled substance in 1982. Appellant objected to the State's use of the two 1969 convictions as being too remote and as being offered solely to prejudice and inflame the minds of the jury. The State countered that the appellant's intervening convictions in 1977 and 1982 made admission of the earlier convictions discretionary with the court. The State also argued that all four convictions were relevant to appellant's credibility as a witness. After hearing both arguments the court stated:

> The court finds and determines ... in the interests of justice that the probative value of all these convictions ... substantially outweighs their prejudicial effect, and at the appropriate time will overrule the defendant's objection to the admissibility of these convictions.

Appellant made no further objection to this ruling during the hearing.

When the jury returned, appellant took the witness stand and disputed the complainant's testimony. He offered another version of the events of July 12, 1986, wherein three other men had committed the robbery. He claimed that he had been aware of the robbery but denied participating. On cross-examination, appellant was questioned about his previous convictions. When the State inquired into the two 1969 convictions, appellant echoed his earlier objections that the convictions were too remote and would be prejudicial. These objections were overruled.

■ Appellant now complains that the trial court erred in permitting the State to use the 1969 convictions because the court failed to state any specific facts or circumstances which it considered in making the ruling. Appellant claims that because TEX.R.CRIM.EVID. 609(b) and FED.R. EVID. 609(b) are virtually identical, Texas state courts should follow the interpretive reasoning of *United States v. Cohen*, 544 F.2d 781 (5th Cir.1977). In this case the Fifth Circuit Court of Appeals opined that, in order for a trial court to permit the use of convictions more than ten years old under FED.R.EVID. 609(b), it must make a "finding on specific facts and circumstances that prejudicial effect will be outweighed by probative value." *United States v. Cohen*, 544 F.2d at 785.

We find that appellant failed to preserve this specific point for appeal; and therefore we express no opinion on the applicability of *United States v. Cohen* to the Texas Rules of Criminal Evidence in Texas trial courts. We adhere to the rule that to preserve error for appellate review the error presented on appeal must correspond to the objection raised before the trial court. *Paster v. State*, 701 S.W.2d 843, 846 (Tex. Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1240, 89 L.Ed.2d 348 (1986). The record in this case indicates that appellant's only objections to the court's ruling permitting use of the earlier convictions were that they were too remote and would be prejudicial. There was no objection to the court's failure to make a finding on the specific facts and circumstances surrounding the 1969 convictions. Because the objection at trial is not the same as urged on

appeal, appellant has not properly preserved his argument for review. *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App. 1982). Consequently, appellant cannot now complain about the court's alleged failure in this respect.

■ Having ruled that appellant waived his complaint about the lack of findings, the only remaining question is whether the trial court abused its discretion in permitting the State to use the 1969 convictions to impeach appellant. While the Texas Rules of Criminal Evidence generally provide that convictions more than ten years old are inadmissible for impeachment purposes, trial courts are permitted to admit such convictions when the court determines that their probative value substantially outweighs their prejudicial effect. TEX.R. CRIM.EVID. 609(b). In Texas, appellate courts have traditionally looked to evidence of lack of reformation or an intervening conviction for a felony offense as a circumstance which removes the remoteness objection to a conviction more than ten years old. *See McClendon v. State*, 509 S.W.2d 851, 855 (Tex.Crim.App.1974); *Crisp v. State*, 470 S.W.2d 58, 59 (Tex.Crim.App. 1971); *Gill v. State*, 147 Tex.Crim.R. 392, 181 S.W.2d 276 (1944). In the instant case, appellant was twice convicted of a felony following his 1969 convictions. We note that his 1977 conviction was for the same type of offense for which he was convicted in 1969, thus evidencing a clear lack of reformation. This, together with the 1982 conviction for a drug offense, could easily have led the trial court to conclude that all four convictions had a substantial bearing on appellant's credibility as a witness. *See Taylor v. State*, 612 S.W.2d 566, 572 (Tex. Crim.App.1981).

Because this Court is not willing to disturb a decision which was within the trial court's sound discretion, we overrule appellant's point of error. Accordingly, appellant's conviction is affirmed.