**John Bradley BAKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–01006–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1992.

Michael B. Lee, Wanda McKee Fowler, Houston, for appellant.

Calvin Hartman, John B. Holmes, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

PER CURIAM.

A jury found the appellant, John Bradley Baker, guilty of the offense of delivery of a controlled substance. After finding the enhancement allegations to be true, the jury assessed punishment at confinement for life.

Baker's court-appointed appellate counsel filed a brief in which he has stated his opinion that the appeal is wholly frivolous and without merit. The brief meets the minimum requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds of error on appeal. *Gainous v. State*, 436 S.W.2d 137, 138 (Tex.Crim.App.1969); *see also Currie v. State*, 516 S.W.2d 684, 684 (Tex.Crim.App.1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex.Crim.App.1972).

A copy of Baker's appellate counsel's brief was delivered to Baker, and he was advised he had a right to file a pro se brief. More than 30 days have expired since Baker was given such notice, and he has not filed a pro se brief.

Appellate counsel has directed this Court's attention, however, to the potential ineffective assistance of Baker's trial counsel.

It is appellate counsel's contention that Baker's court-appointed attorney failed to object to the introduction of offenses that occurred more than 10 years prior to the charged offense. His argument is that the introduction of these convictions drastically impacted the tenor of the trial, the State's portrayal of his character, and the length of punishment Baker received. Appellate counsel feels Baker may have received ineffective assistance of counsel because these dated convictions were allowed into evidence.

Evidence of a conviction is not generally admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from confinement. TEX.R.CRIM.EVID. 609(b). In the interests of justice, however, the court may allow into evidence these convictions if the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. TEX.R.CRIM.EVID. 609(b).

In Texas, appellate courts have traditionally looked to evidence of lack of reformation or an intervening conviction for a felony offense as a circumstance which removes the remoteness objection to a conviction more than 10 years old. *McClendon v. State*, 509 S.W.2d 851, 854 (Tex.Crim.App. 1974).

In the aggravated robbery case of *Allen v. State*, 740 S.W.2d 81, 82 (Tex.App.— Dallas 1987, pet. ref'd.), the court allowed into evidence two, 17–year–old convictions—one for felony theft and the other for unauthorized use of a motor vehicle. The court held that a 1977 conviction for unauthorized use of a motor vehicle and a 1982 conviction on a drug offense indicated a clear lack of reform and allowed into evidence the 17–year–old convictions. *Id.* at 83.

The appellant in this case has eight prior convictions noted in the State's pen packets:

In 1986, he was convicted of possession of a controlled substance, cocaine, a second-degree felony and was sentenced to five-years confinement.

In 1976, he was convicted of two counts of aggravated robbery and sentenced to 15 years and one-day confinement on each count.

In 1975, he had two theft convictions and was sentenced to five-years confinement for each conviction.

In 1972, he was convicted of burglary with intent to commit theft and sentenced to five-years confinement.

In 1963, he was convicted for theft and burglary and sentenced to a total of 10–years confinement.

Appellate counsel argues the State could have impeached Baker's testimony by using the 1986 and 1976 convictions. He asserts using convictions back almost 30 years was overkill. The contention is that Baker's crimes have gradually become more passive and less threatening, and the probative value of the convictions, going back to 1962, did not substantially outweigh their prejudicial value.

The authorities appellate counsel cites, where the court did not allow convictions occurring more than 10 years prior to the charged offense, are distinguishable from the current case, because there were no intervening crimes. *Miller v. State*, 549 S.W.2d 402, 403 (Tex.Crim.App.1977) (most recent conviction was 12 years prior to trial); *Sinegal v. State*, 789 S.W.2d 383, 386 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) (last conviction occurred 12 years before trial).

Here, Baker had an intervening felony conviction for possession of a controlled substance, namely cocaine, the same charge on which he is currently convicted. Pursuant to rule 609, in addition to the *Allen* and *McClendon* cases, the trial judge did not abuse his discretion by allowing convictions that were more than 10 years old into evidence.

We have carefully reviewed the record and appellate counsel's brief and conclude the appeal is frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal.

The judgment is affirmed.