Willie James SIMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–01019–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 6, 1994.

Discretionary Review Refused Jan. 25, 1995.

---

Thomas J. Lewis, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Rich Hurlburt, Houston, for appellee.

Before COHEN, WILSON and HEDGES, JJ.

## OPINION

HEDGES, Justice.

The trial court found appellant, Willie James Simpson, guilty of the felony offense of possession of a controlled substance (91.2 milligrams of pure cocaine), found two enhancement paragraphs true, and assessed punishment at 25–years confinement. Appellant assigns as error the admission of prior convictions as impeachment evidence; improper prosecutorial argument; and admission of evidence obtained through an illegal search. We affirm the judgment of the trial court.

**Facts**

The facts of this case were hotly disputed at trial. Officer S.J. Ellis of the Houston Police Department testified that on April 23, 1993, while on patrol in southeast Houston, he observed appellant arguing with a female in the middle of the street. As Ellis approached, the woman walked towards the patrol car waving her arms frantically. According to Ellis, appellant was yelling and cursing at the woman.

Officer Ellis stepped out of his patrol car and attempted to separate the woman and appellant. According to Ellis, appellant appeared highly intoxicated, as manifested by his conduct, his slurred speech, and his bloodshot eyes. In addition, Ellis smelled alcohol on appellant's breath. Believing that appellant might pose a threat to himself or others, Ellis attempted to place him under arrest for public intoxication. The officer asked appellant to place his hands on the patrol car, but appellant refused. When Ellis attempted to force the appellant to place his hands on the car, appellant pulled away and shouted at Officer Ellis telling him to keep his hands off him. Ellis then called for back-up assistance.

Ellis was able to subdue and handcuff appellant before his backup arrived. A search of appellant disclosed a plastic bag containing a white rock-like substance in his right front pants pocket. A field test of the substance revealed that it was cocaine.

Appellant's version of the facts is substantially different. He testified that the dispute with the woman, whom he identified as Ms. Deborah Green, arose out of a transaction whereby Green agreed to prostitute herself in exchange for ten dollars worth of cocaine. It is his testimony that Green purchased the cocaine at a nearby apartment and returned seeking payment. According to appellant, the cocaine never came into his possession.

Appellant decided to walk away from the transaction once he and Green began to argue. He crossed the street and was walking through an adjacent park when he saw Ellis' patrol car. Seeing Green approach the patrol car, appellant left the park and approached the officer in order to relate his version of events. As appellant attempted to explain what had occurred, the officer ordered him to place his hands on the patrol car. Appellant denies both that he had been drinking and that a struggle ensued.

Appellant testified that the search took place before he understood that he had been placed under arrest. He insisted that the officer did not find any cocaine in his possession. Finally, appellant asserted that Green had an opportunity to place the cocaine in a duffle bag he was carrying.

**Evidence of Prior Convictions**

■ In point of error one, appellant argues that the trial court erred in allowing the State to impeach appellant's testimony with the use of prior convictions for robbery and aggravated robbery.

■ The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State,* 575 S.W.2d 567, 570 (Tex. Crim.App.1979), and will not be reversed on appeal unless a "clear abuse of discretion is shown." *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986).

Appellant contends that the admission of his two prior convictions for purposes of impeachment violated TEX.R.CRIM.EVID. 403 and 609, both of which allow the exclusion of otherwise relevant evidence when its prejudicial effect outweighs its probative value. However, because appellant asserts a violation of TEX.R.CRIM.EVID. 403 for the first time on appeal, we decline to consider it as a basis of error.

Rule 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to a party.

TEX.R.CRIM.EVID. 609.

In *Theus v. State*, 845 S.W.2d 874 (Tex. Crim.App.1992) the Court of Criminal Appeals established a five-factor test for evaluating the admissibility of prior convictions under rule 609. These factors are: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime (relative to the charged offense) and the witness' subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Id.* at 880. We will consider these factors as they relate to the case before us.

Addressing the first factor, appellant argues that prior convictions for robbery may have no probative value as to the robber's truthfulness. In *Theus,* the court stated that the impeachment value of crimes that involve deception is higher than those that involve violence. 845 S.W.2d at 881. While robbery and aggravated robbery are clearly dishonest and involve the threat or use of violence, it is not clear whether they necessarily contain the element of deception. *See* TEX.PENAL CODE ANN. § 29.02–29.03 (Vernon 1989).

■ The second *Theus* factor examines (1) the amount of time that has elapsed between the commission of a past crime and the alleged commission of the charged offense; and (2) the witness' subsequent history. The temporal proximity of a prior crime and a witness' subsequent history will favor admission if the past crime was recently committed and if the witness has demonstrated a propensity for breaking the law. Rule 609(b) states that a conviction is of sufficient proximity for impeachment purposes if less than 10 years has elapsed since the date of prior conviction or from the date of the witness'

release—whichever is the later date. TEX. R.CRIM.EVID. 609(b).

Appellant was convicted of aggravated robbery on February 22, 1983. Evidence of appellant's prior convictions was offered by the state on November 10, 1993. Thus, more than 10 years had elapsed. No evidence was presented as to the date of appellant's release for the aggravated robbery conviction. If he was released sometime after November 10, 1983, this conviction would be admissible for impeachment purposes. Appellant was convicted for his second offense, robbery, on March 31, 1986, which falls well within Rule 609's 10–year time period.

Texas courts have held that evidence of an intervening felony offense may eliminate any remoteness objection about an earlier conviction. *Baker v. State,* 841 S.W.2d 542, 543 (Tex.App.—Houston [1st Dist.] 1992, no pet.). Appellant's second conviction is evidence of a lack of reform and eliminates any potential remoteness objection to admitting evidence of his first conviction.

■ The third *Theus* factor examines the similarity between the charged offense and the past crime. Such a similarity militates against admission of the prior crime because it suggests the possibility that the jury would convict on the perception of a pattern of past conduct rather than on the facts of the charged offense. *Theus,* 845 S.W.2d at 881. Under this rationale, the possibility is remote that the jury in this case convicted appellant based on a pattern of past conduct because there is little similarity between the past crimes and the charged offense. Furthermore, the jury was instructed to consider the appellant's prior convictions only in the context of the weight to be given appellant's testimony and was specifically instructed to refrain from considering these convictions as evidence of appellant's guilt. We must presume that the jury followed the court's charge. *Gamez v. State,* 737 S.W.2d 315, 324 (Tex.Crim.App.1987).

■ The fourth and fifth *Theus* factors deal with the importance of the appellant's testimony at trial and his credibility as a witness. As the only defense witness, appel-

lant's testimony and credibility were crucial. When a case involves the testimony of only the defendant and the State's witnesses, the importance of the defendant's credibility and testimony escalates; so does the State's need for an opportunity to impeach the defendant's credibility. *Theus*, 845 S.W.2d at 881. These factors favor admission of appellant's prior convictions.

*Theus* factors two through five support admission of prior convictions to impeach the appellant's credibility. Only the first factor, which examines the impeachment value of prior crimes, weighs against admission.

In *Theus*, the court found that the lack of impeachment value of a prior conviction for arson overrode the other factors. Its reasoning was twofold. First, the arson conviction had very little probative value on the question of appellant's credibility, but it carried a significant prejudicial effect. The court noted that the reference to arson had the potential to conjure up images of "burning buildings and insurance fraud." 845 S.W.2d at 882 n. 9. Second, the trial judge missed an opportunity to dispel the prejudicial effect of the testimony when he prohibited the defense from presenting facts related to the arson conviction. After a domestic dispute, the defendant had poured a beer can full of gasoline into his girlfriend's postal slot and ignited it. Only minimal property damage resulted. The Court of Criminal Appeals felt that the true nature of these facts greatly differed from the images an arson conviction might conjure in a juror's mind.

This case can be distinguished on both grounds. First, the potential prejudicial effect of robbery is less dramatic than that created by images of arson. Second, this trial court specifically instructed the jury to refrain from considering the conviction as evidence of the appellant's guilt or for any other purpose. We do not believe that the lack of impeachment value of the prior convictions outweighs the other four *Theus* factors favoring admission. Appellant has failed to demonstrate that the trial court abused its discretion in admitting evidence of his prior convictions for the purpose of impeachment.

We overrule point of error one.

**Improper Prosecutorial Argument**

■ In point of error two, appellant argues that the trial court erred by failing to grant a mistrial when the prosecution made an indirect reference to the presence of Officer Ellis's wife in the courtroom. Appellant argues that this reference to Ellis as a family man was an improper attempt to lend greater credibility to his testimony. Both parties recognize that witness credibility is perhaps the single most important issue in this case.

■ We must first determine whether the prosecution's argument was improper, and if it was, whether the error requires reversal. There are four areas of permissible jury argument: (1) summation of evidence; (2) reasonable deductions from the evidence; (3) response to defendant's argument; and (4) plea for law enforcement. *Albiar v. State*, 739 S.W.2d 360, 362 (Tex. Crim.App.1987); *Wartel v. State*, 830 S.W.2d 757, 762 (Tex.App.—Houston [1st Dist.] 1992, no pet.). To determine the propriety of a prosecutor's argument, the entire argument is considered, not just isolated statements. *Mosley v. State*, 686 S.W.2d 180, 183 (Tex. Crim.App.1985); *Wartel*, 830 S.W.2d at 762. Furthermore, a prosecutor may argue outside the record in response to defense arguments that also go outside the record (the "invited argument rule"). *Pyles v. State*, 755 S.W.2d 98, 116 (Tex.Crim.App.1988), cert. denied, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573; *Johnson v. State*, 611 S.W.2d 649, 650 (Tex.Crim.App.1981). However, a prosecutor's argument may not exceed the scope of invitation. *Pyles*, 755 S.W.2d at 116; *Johnson*, 611 S.W.2d at 650.

Appellant argues that there is nothing in the record to suggest that Ellis is more truthful in the presence of his wife than at other times. In response, the State argues that the reference to Ellis's wife was invited by defense's suggestion that Ellis may have planted the cocaine on the appellant. We note that no evidence was offered to support the claim that the cocaine was planted on appellant.

During final argument, appellant's attorney made the following statement:

The last point that I would like to ask you to think about. All right, if Mr. Simpson is telling you the truth and that he didn't know that he had it on him, where did it come from?

There are a lot of possible answers to that question. One possibility is that the officer, because of animus against Mr. Simpson, could have planted it on him.

The State responded with the following argument:

Prosecution: Now I want you to think about motive. Who's got the motive in this case? ... What motive does this man here, **his family here,** have to get up on the stand—

Defense Counsel: I object to that statement. Outside the record.

The Court: Overruled.

Prosecution: What motive does this man have to plant something on a man saying, you're under arrest for cocaine, when he found it on a woman?

We find that the prosecutor's reference to Ellis's status as a family man falls outside the scope of appellant's invitation. The presence of Ellis's wife in the courtroom has no bearing on his having the motive or the opportunity to plant cocaine on appellant.

■ While the State's argument was outside the record, it nevertheless constitutes harmless error. Even if the argument exceeds the bounds of proper jury argument, it is not reversible error unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute or injects new facts into the trial proceeding which are harmful to the accused. *McKay v. State,* 707 S.W.2d 23, 36 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). The prosecution's argument, while improper, meets none of these criteria. Furthermore, the prosecution's reference to Ellis's family was an isolated remark that was not dwelled upon by counsel.

We overrule point of error two.

**Illegal Search**

■ In point of error three, appellant contends that the trial court erred by admitting the cocaine into evidence because the substance was the product of an illegal search. Appellant argues that Officer Ellis lacked the probable cause necessary for a warrantless arrest. The State argues that the search was incident to a proper warrantless arrest.

■ Searches made incident to a lawful arrest and which are otherwise proper in scope are excepted from both state and federal constitutional search warrant requirements. *Rogers v. State,* 774 S.W.2d 247, 264 (Tex.Crim.App.1989), *cert. denied,* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520. Evidence seized incident to an arrest is admissible if the State can show that sufficient probable cause existed at the time to justify the warrantless arrest. *Crane v. State,* 786 S.W.2d 338, 346 (Tex.Crim.App.1990). The applicable test for determining whether there is probable cause to justify a warrantless arrest is:

whether at that moment the facts and circumstances within the officer's knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrested person] had committed or was committing an offense.

*Lunde v. State,* 736 S.W.2d 665, 667 (Tex. Crim.App.1987) (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964)); TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977). An officer's hunch, suspicion, or good faith perception is not enough, without more, to constitute probable cause. *Stull v. State,* 772 S.W.2d 449, 452 (Tex.Crim.App.1989). An appellate court should look at the totality of the circumstances to determine probable cause. *Angulo v. State,* 727 S.W.2d 276, 278 (Tex.Crim. App.1987).

■ A warrantless arrest for public intoxication requires that the suspect be not merely intoxicated but intoxicated to such an extent that he "may endanger himself or another." TEX.PENAL CODE ANN. § 42.08(a) (Vernon 1989). Courts have distinguished between the proof necessary to establish probable cause and that required for a judicial determination of guilt. "[W]hen an officer is confronted with a person intoxicated in

a public place, his determination as to possible danger that may befall the individual is not reviewed under the same standard used in a judicial determination of guilt." *Britton v. State,* 578 S.W.2d 685 (Tex.Crim.App. 1978).

■ Officer Ellis's testimony that the appellant's speech was slurred, that his eyes were bloodshot, and that there was a strong smell of alcohol on his breath is not enough; physical manifestations of alcoholic consumption alone are not sufficient to constitute public intoxication. *Commander v. State,* 748 S.W.2d 270, 272 (Tex.App.—Houston [14th Dist.] 1988, no pet.). Rather, the State must demonstrate proof of potential danger either to the appellant himself or to others. TEX.PENAL CODE ANN. § 42.08(a) (Vernon 1989).

Ellis testified that appellant was arguing violently in the middle of the street. It is reasonable to assume that moving vehicles in the street might pose a danger to appellant and others, particularly given appellant's state of intoxication. *See White v. State,* 714 S.W.2d 78, 79 (Tex.App.—San Antonio 1986, no pet.) (defendant posed a potential danger by being intoxicated in a parking lot "where it is reasonable to assume that cars would travel in and out.") Ellis further testified that appellant physically resisted arrest, which prompted Ellis to seek back-up. The struggle that ensued posed a danger not only to appellant but also to Officer Ellis.

These factors show that Ellis had sufficient probable cause to arrest appellant for public intoxication. Thus, the search incident to the arrest was proper and the cocaine was properly admitted into evidence.

We overrule point of error three.

We affirm the judgment of the trial court.