State v. Edler 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-95-00088-CR






The State of Texas, Appellant



v.



Joseph Edler, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 42,071, HONORABLE HOWARD S. WARNER, JUDGE PRESIDING







 Joseph Edler, appellee, was charged with possession of marihuana. The State
appeals an order suppressing evidence discovered during an inventory search of appellee's car. 
In a single point of error, the State asserts the trial court abused its discretion in suppressing
marihuana found in the glove compartment and paraphernalia found in the center console. We
will affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 On September 3, 1994, at approximately 1:45 a.m., Department of Public Safety
Trooper Brian Acker stopped appellee for speeding and for changing lanes without signalling. 
While questioning appellee, Acker observed that he had alcohol on his breath and that he swayed
while standing. Acker had appellee perform three sobriety tests. On the basis of appellee's
performance on these tests, Acker arrested appellee for driving while intoxicated. Following
appellee's arrest, Acker interviewed the three passengers in the car and arrested them for public
intoxication. At the pre-trial hearing on the motion to suppress, Acker testified that although he is not certified to perform the horizontal gaze nystagmus test, the passengers were arrested
because of their performance on that test, administered by him. Acker's report, however, did not
reflect that he had the passengers perform the test. Nor did the report indicate that the passengers
were a danger to themselves or others.

 The Department of Public Safety's standard policy is to inventory a vehicle when
everyone inside the car has been arrested. In the present case, once everyone inside the car was
arrested, Acker searched the car and found marihuana in the glove compartment and a pipe for
smoking marihuana in the center console. As a result of this discovery, appellee was also charged
with misdemeanor possession of marihuana.

 Appellee was charged with driving while intoxicated in Cause No. 42,070 and with
possession of marihuana in Cause No. 42,071 in the county court at law for Hays County, Texas. 
Appellee filed a motion to suppress the evidence found during the inventory search. The court
denied the motion with regard to the charge for driving while intoxicated, but after an examination
of Autran v. State, 887 S.W.2d 31 (Tex. Crim. App. 1994), ordered the suppression of the
evidence discovered in the glove compartment and the center console in the possession-of-marihuana cause. The court filed no written findings.

DISCUSSION


 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject all or any part
of a witness's testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980). In
reviewing the trial court's decision, an appellate court does not engage in its own factual review;
it determines only whether the record supports the trial court's fact findings. Romero, 800
S.W.2d at 543. If the trial court's fact findings are supported by the record, an appellate court
is not at liberty to disturb the findings absent an abuse of discretion. Cantu v. State, 817 S.W.2d
74, 77 (Tex. Crim. App. 1991); Dancy v. State, 728 S.W.2d 772, 772 (Tex. Crim. App.), cert.
denied, 484 U.S. 975 (1987). On appellate review, the court will consider only the question of
whether the trial court improperly applied the law to the facts. Romero, 800 S.W.2d at 543;
Vargas v. State, 852 S.W.2d 43, 44 (Tex. App.El Paso 1993, no pet.). If the trial court's
decision is correct on any theory of law applicable to the case, it will be sustained even though
the trial court may have given an incorrect reason for suppressing the evidence. Romero, 800
S.W.2d at 543; State v. Williams, 814 S.W.2d 256, 258 (Tex. App.Austin 1991), aff'd, 832
S.W.2d 52 (Tex. Crim. App. 1992). Where no findings are given, the appellate court presumes
the trial court found whatever facts were needed to support the ruling. State v. Johnson, 896
S.W.2d 277, 280 (Tex. App.Houston [1st Dist.] 1995, pet. granted).

 The State urges us to construe the holding in Autran, that an inventory search may
not constitutionally include closed containers, to apply only to "movable" containers and not to
"built-in" containers such as a glove compartment and center console. We need not decide that
issue, however, because the trial court's order can be upheld on a different basis.

 An inventory search may not be a ruse for general rummaging in order to discover
incriminating evidence. Florida v. Wells, 495 U.S. 1, 4 (1990); United States v. Walker, 931
F.2d 1066, 1068 (5th Cir. 1991); Autran, 887 S.W.2d at 34. In general, inventories conducted
pursuant to an established departmental policy have been upheld as constitutional. See generally
South Dakota v. Opperman, 428 U.S. 364 (1976). In the present case, the inventory search that
produced the evidence that was the subject of appellee's motion to suppress was conducted
pursuant to a Department of Public Safety policy that allows an inventory of a car if all passengers
have been arrested. We will thus analyze whether the events leading up to the search necessarily
triggered implementation of the policy.

 A person commits the offense of public intoxication if he "appears in a public place
while intoxicated to the degree that the person may endanger the person or another." Tex. Penal
Code Ann. § 49.02 (West 1994). An officer's testimony that a person is merely exhibiting
physical manifestations of alcohol consumption is not sufficient; there must be evidence that the
person is a potential danger to himself or others. Simpson v. State, 886 S.W.2d 449, 455 (Tex.
App.Houston [1st Dist.] 1994, pet. ref'd). Trooper Acker testified at the hearing on the motion
to suppress that after arresting appellee, he checked the identification of the remaining passengers,
smelled alcohol on their breath, and arrested them after they failed the horizontal gaze nystagmus
test.

 Acker's report of the incident, however, does not indicate that the test was
performed or that the passengers exhibited any signs of being intoxicated (e.g., slurred speech,
trouble walking or standing, bloodshot eyes, belligerent behavior). An officer's report would
normally include such information. Additionally, Acker admitted he is not certified to perform
the horizontal gaze nystagmus test; he had merely seen other officers administer it. Further,
Acker's report did not contain any indication that the passengers were a danger to themselves or
others (e.g., threats, being passed out, impaired in a dangerous area). From the conflicting
inferences raised by the foregoing evidence, the trial court was entitled to conclude that the arrest
of the passengers was merely an excuse to allow Acker to invoke the departmental policy for the
purpose of searching the car for evidence of other crimes. Thus, the trial court could have
believed that the subsequent inventory search was a ruse for general rummaging. We are unable
to conclude, therefore, that the trial court abused its discretion in suppressing the evidence in the
glove compartment discovered as a result of the inventory search. (1) The State's point of error is
overruled.

CONCLUSION


 Having found that the trial court was entitled to believe that the arrest of the
remaining passengers was simply a ruse to allow a search of the car, we affirm the trial court's
order granting the motion to suppress.


 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: January 10, 1996

Do Not Publish
1.   It is possible that the search in the present case might have been a lawful search
incident to arrest. See generally New York v. Belton, 453 U.S. 454 (1981). However, the
State has attempted to uphold the search, both in the trial court and in this Court, solely on an
inventory-search basis. While we will affirm a trial-court ruling on a theory not presented to
it, we may not reverse on a theory not advanced by the State in the court below. See State v.
Nolan, 808 S.W.2d 556, 558-59 (Tex. App.--Austin 1991, no pet.).




not constitutionally include closed containers, to apply only to "movable" containers and not to
"built-in" containers such as a glove compartment and center console. We need not decide that
issue, however, because the trial court's order can be upheld on a different basis.

 An inventory search may not be a ruse for general rummaging in order to discover
incriminating evidence. Florida v. Wells, 495 U.S. 1, 4 (1990); United States v. Walker, 931
F.2d 1066, 1068 (5th Cir. 1991); Autran, 887 S.W.2d at 34. In general, inventories conducted
pursuant to an established departmental policy have been upheld as constitutional. See generally
South Dakota v. Opperman, 428 U.S. 364 (1976). In the present case, the inventory search that
produced the evidence that was the subject of appellee's motion to suppress was conducted
pursuant to a Department of Public Safety policy that allows an inventory of a car if all passengers
have been arrested. We will thus analyze whether the events leading up to the search necessarily
triggered implementation of the policy.

 A person commits the offense of public intoxication if he "appears in a public place
while intoxicated to the degree that the person may endanger the person or another." Tex. Penal
Code Ann. § 49.02 (West 1994). An officer's testimony that a person is merely exhibiting
physical manifestations of alcohol consumption is not sufficient; there must be evidence that the
person is a potential danger to himself or others. Simpson v. State, 886 S.W.2d 449, 455 (Tex.
App.Houston [1st Dist.] 1994, pet. ref'd). Trooper Acker testified at the hearing on the motion
to suppress that after arresting appellee, he checked the identification of the remaining passengers,
smelled alcohol on their breath, and arrested them after they failed the horizontal gaze nystagmus
test.

 Acker's report of the incident, however, does not indicate that the test was
performed or that the passengers exhibited any signs of being intoxicated (e.g., slurred speech,
trouble walking or standing, bloodshot eyes, belligerent behavior). An officer's report would
normally include such information. Additionally, Acker admitted he is not certified to perform
the horizontal gaze nystagmus test; he had merely seen other officers administer it. Further,
Acker's report did not contain any indication that the passengers were a danger to themselves or
others (e.g., threats, being passed out, impaired in a dangerous area). From the conflicting
inferences raised by the foregoing evidence, the trial court was entitled to conclude that the arrest
of the passengers was merely an excuse to allow Acker to invoke the departmental policy for the
purpose of searching the car for evidence of other crimes. Thus, the trial court could have
believed that the subsequent inventory search was a ruse for general rummaging. We are unable
to conclude, therefore, that the trial court abused its discretion in suppressing the evidence in the
glove compartment discovered as a result of the inventory search. (1) The State's point of error is
overruled.

CONCLUSION


 Having found that the trial court was entitled to believe that the arrest of the
remaining p