Michael Ray Johnson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-040-CR

     MICHAEL RAY JOHNSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 97-829-C
                                                                                                              

                                               O P I N I O N
                                                                                                                   Michael Ray Johnson was convicted of felony driving while intoxicated. See Tex. Pen. Code
Ann. § 49.09(b) (Vernon Supp. 1999). The indictment alleged three prior DWI offenses and an
enhancement allegation that Johnson had previously been convicted of possession of a prohibited
weapon. Johnson pled “true” to the enhancement allegation and the jury, having found him guilty
of felony DWI, assessed punishment at twenty years’ confinement. He appeals, asserting one
issue for review. Finding no abuse of discretion in allowing the State to impeach Johnson’s
credibility as a witness with his prior conviction for possession of a prohibited weapon, we will
affirm the judgment.
      On January 3, 1997, Lieutenant Danny Knight saw Johnson speeding through a residential
neighborhood and weaving outside his traffic lane. Knight stopped Johnson, determined that he
was intoxicated, and arrested him. Johnson testified during the guilt-innocence phase of trial. He
admitted to drinking two or three beers, but denied lacking normal use of his physical or mental
faculties. Johnson’s wife, Melinda, testified that she was talking with Johnson via cellular
telephone when he was pulled over by Knight and that Johnson did not sound intoxicated. On
appeal, Johnson complains that the court should not have allowed the State to question him about
his prior felony conviction for possession of a prohibited weapon. He argues that the jury had
already been made aware of his three prior DWI convictions and that this sufficiently impeached
his credibility, thereby diminishing any probative value that the prohibited weapon conviction
could have had. 
      Rule of Evidence 609 allows the use of prior convictions to attack the credibility of a witness
“if the crime was a felony or involved moral turpitude, regardless of punishment, and the court
determines that the probative value of admitting this evidence outweighs its prejudicial effect to
a party.” Tex. R. Evid. 609. In Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992), the
Court of Criminal Appeals identified five factors to be considered in determining the admissibility
of a conviction for impeachment purposes: 1) impeachment value; 2) temporal proximity to the
charged offense and the witness’ subsequent history; 3) similarity to the offense charged; 4)
importance of the witness’ testimony; and 5) importance of the credibility issue. Id. at 880-81;
Butler v. State, 890 S.W.2d 951, 954-55 (Tex. App.—Waco 1995, pet. ref’d). 
      Regarding the first factor, Johnson urges that evidence of this conviction has no impeachment
value because it suggests violence rather than deception, and crimes suggesting violence have a
high potential for prejudice while not shedding any light on a witness’ credibility. Although
possession of a prohibited weapon may carry a connotation of violence, it is a victimless crime and
therefore does not have the high risk of prejudice that crimes against victims have. The probative
value of the evidence is that it demonstrates Johnson’s propensity to disregard the law. See Theus,
845 S.W.2d at 881 (prior conviction for arson).
      Johnson further suggests that, because his wife testified that he did not sound intoxicated, her
testimony corroborated his, lessening the importance of his testimony and the importance of his
credibility and thereby making factors four and five weigh against admitting the conviction.


 On
the contrary, we perceive Johnson’s testimony as crucial to his defense. He was the witness most
likely to refute Knight’s testimony. He testified that he was not intoxicated and was unable to
perform the field sobriety test because of a bad knee. Although Melinda testified that Johnson’s
speech wasn’t slurred and that he “didn’t seem to be having a problem concentrating,” she could
not testify about his driving ability. Furthermore, the State’s need to impeach Johnson’s
credibility increased after he testified on direct examination because his version of events was
drastically different from Knight’s. His testimony put not only his credibility at issue but Knight’s
as well. As a result, factors four and five weighed in favor of admitting the prior conviction.
      Under the second Theus factor, the court must examine the temporal proximity of the prior
conviction. Johnson’s conviction for possession of a prohibited weapon was approximately six
years before the State offered it to impeach his credibility. This is within the ten-year time limit
set by Rule 609 of the Rules of Evidence. Tex. R. Evid. 609. Furthermore, the crime for which
Johnson was being tried (DWI) is dissimilar to the crime which the State offered for impeachment
(possession of a prohibited weapon) and thus created little risk that the jury would convict Johnson
on the basis of his past conduct, thereby resolving the third Theus factor in favor of admissibility. 
See Simpson v. State, 886 S.W.2d 449, 452 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
      Because all the Theus factors weigh in favor of admitting the evidence, we cannot say that the
court abused its discretion in allowing the State to impeach Johnson with his prior conviction. 
Issue one is overruled.
      The judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed 
Opinion delivered and filed March 10, 1999
Do not publish