**Willis Jay WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–85–00240–CR.

Court of Appeals of Texas,
San Antonio.

June 30, 1986.

Richard Langolis, San Antonio, for appellant.

Sam Millsap, Jr., Charles Strauss, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction and on the felony offense of possession of a controlled substance, namely: Methamphetamine.

Appellant was arrested for public intoxication while in a parking lot of an ice house in San Antonio. During his arrest a scuffle ensued and a match box which he had pulled out of his pocket during the scuffle fell to the ground. After appellant was subdued by two officers, one of the arresting officers picked the match box off the ground and discovered a plastic baggie that contained a white powdery substance which later tested positive for methamphetamine inside the match box. Appellant was indicted for the felony offense of possession of a controlled substance. In a bench trial he was found guilty of the offense charged in the indictment and his punishment was assessed at five years confinement; the

imposition of the sentence was suspended and he was placed on probation for a period of five (5) years.

In his sole ground of error appellant contends that the trial court erred in admitting the contraband into evidence over his objection that the contraband was obtained as the result of an illegal arrest. It is not contested that he was in a public place as that term is defined in TEX. PENAL CODE ANN. Sec. 1.07(a)(29) (Vernon 1974). And neither does appellant assert that the evidence was insufficient to show that he was under the influence of alcohol or any other substance. Appellant argues, rather, that the state failed to prove that the arresting officer had probable cause to arrest him without a warrant; that the evidence was insufficient to show that the arresting officer was justified in believing that appellant was intoxicated to such a degree that he was endangering himself or another.

 The offense of public intoxication is defined in TEX. PENAL CODE ANN. Sec. 42.08(a) (Vernon Supp.1986). Sec. 42.-08(a) reads as follows:

An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, *to the degree that the individual may endanger himself or another.* (Emphasis added)

The essential element of Sec. 42.08(a) is that the individual must be intoxicated to the extent that he " '*may*' endanger himself or another." *Dickey v. State,* 552 S.W.2d 467, 468 (Tex.Crim.App.1977). It is well settled that proof of "potential" danger either to the accused or others is sufficient to establish the essential element. *Balli v. State,* 530 S.W.2d 123, 126 (Tex. Crim.App.1975), *overruled on other grounds,* 540 S.W.2d 314, 317 (Tex.Crim. App.1976), (where it was the potential danger involved in walking down the middle of the street in an intoxicated condition); *Bentley v. State,* 535 S.W.2d 651, 653 (Tex. Crim.App.1976), (where it was the potential danger which could have arisen if the accused had attempted to drive from the service station where he appeared in an intoxi-

cated condition and was attempting to purchase tire chains for his car); *Dickey v. State,* 552 S.W.2d at 468, (where it was the potential danger that the accused subjected himself to by becoming so intoxicated that he fell asleep in a car in front of a lounge in the middle of the night.)

 The test for a warrantless arrest under Sec. 42.08(a) was defined in *Britton v. State,* 578 S.W.2d 685, 689 (Tex.Crim. App.1978), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979) as follows:

"It must be borne in mind that we are here faced with the question of proof necessary to establish probable cause for arrest rather than proof essential to a judicial determination of guilt. The test of probable cause for an arrest without a warrant as stated by the United States Supreme Court is *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) and *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), is:

Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.

Thus, when an officer is confronted with a person intoxicated in a public place, his determination as to probable danger that may befall the individual is not reviewed under the same standard used in a judicial determination of guilt."

In the instant case appellant rendered himself subject to potential danger by being in an intoxicated condition in a parking lot of a public place, where it is reasonable to assume that cars would travel in and out, although there is no evidence that the parking lot was full or vacant. We are, therefore, of the opinion that officer Alonzo had knowledge of sufficient facts to warrant his belief that appellant was intoxicated and may have endangered himself or another. We hold that the facts and circumstances surrounding appellant's arrest created probable cause for arrest for public

intoxication. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.