**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-41348

LARRY J. LAND,

Plaintiff-Counter Defendant-Appellee,

VERSUS

TRINITY MOTHER FRANCES HEALTH SYSTEM, ET AL,

Defendants,

CITY OF TYLER;
MARC SUMMY GRAY, POLICE OFFICER, CITY OF TYLER;
RANDY HAMMONTREE, POLICE OFFICER, CITY OF TYLER,

Defendants-Counter Claimants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division
6:98-CV-742

October 27, 2000

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and POGUE, Judge[*].

POGUE, JUDGE:[**]

The City of Tyler ("the City"); Marc Summy Gray, Police Officer, City of Tyler ("Officer Gray"); and Randy Hammontree,

---

[*]    Judge of the U.S. Court of International Trade, sitting by designation.

[**]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Police Officer, City of Tyler ("Officer Hammontree") (collectively "Appellants" or "Defendants"), appeal the district court's denial of their motion for summary judgment. Larry J. Land ("Appellee" or "Plaintiff") brought an action in the district court pursuant to 42 U.S.C. § 1983 ("Section 1983") for unlawful arrest, false imprisonment, and malicious prosecution. Officers Gray and Hammontree sought and were denied summary judgment on the ground of qualified immunity from prosecution for Land's federal claim of unlawful arrest, and on the ground of official immunity from prosecution for Land's state-law claims of false imprisonment and malicious prosecution. The City also sought and was denied summary judgment on the ground of municipal liability immunity. Magistrate Judge McKee found that Land had "presented sufficient summary judgment evidence that raises material questions of fact and rebuts the defendants' right to immunity." Court Order at 14 (Oct. 25, 1999). Appellants now seek review of the district court's order on interlocutory appeal. For the reasons discussed below, the Court REVERSES the district court's order denying summary judgment to Officers Gray and Hammontree.[1]

---

[1] Appellants have made no argument with respect to the district court's denial of the City's motion for summary judgment on grounds of municipal liability immunity. When an appellant fails to address a potential error in the district court's analysis, it is the same as if the appellant had not appealed that aspect of the judgment. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In other words, for purposes of this interlocutory appeal, the City's immunity claims are deemed abandoned. *See Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983). Therefore, without affirming the conclusions of the district court's opinion, we leave its entry of judgment against the City undisturbed.

## Factual Background

For purposes of this appeal, the relevant factual background is as follows: On the morning of January 18, 1998, Land was admitted to Trinity-Mother Frances Health System d/b/a Mother Frances Hospital ("the Hospital") for severe headaches. Dr. Mack Stewart treated Land with Phenergan and Demeral, a sedative and a narcotic analgesic, respectively. Dr. Stewart discharged Land on the condition that he be picked up at the Hospital by someone else, and with the instruction that if his condition worsened, Land should return to the Hospital. Hospital security officer William Kennedy escorted Land to a Hospital waiting room to wait for Land's wife to pick him up. While in the waiting room, Kennedy observed Land engage in "bizarre" disruptive behavior, which led Kennedy to escort Land out of the Hospital and call the police.

When Officers Gray and Hammontree arrived at the Hospital, Kennedy told the officers that, while in the waiting room, Land had used a cigarette lighter to burn strips of paper from an EKG monitor in the presence of flammable substances; that Land had attempted to use a computer keyboard as if it were a telephone; that Land had propositioned a woman in the waiting room; that Land had harassed nurses; and that, when Kennedy tried to intervene, Land had addressed him with profanity and threatened to hurt him. Kennedy also told the officers that, once outside of the waiting room, Land continued using profane language and directed threats at

Kennedy and the Hospital staff.  The officers claim they were not told that Land had received any treatment at the Hospital.

The officers observed Land, who was pointed out by Kennedy. Though sitting quietly on a short wall by the emergency room entrance, Land appeared to be "unsteady," and his speech was "extremely slurred."  Officer Gray asked Land to step down from the wall.  When Land did so, he lost his balance and staggered.  On the basis of their observations, the officers concluded that Land was intoxicated as a result of ingesting some substance, and that Land endangered himself and others.  The officers arrested Land for public intoxication.  Land then told Kennedy and Officer Gray that he had taken Vicodin and Soma-a narcotic pain medication and a muscle relaxant, respectively-the previous evening and earlier in the morning.  Land also initially told the officers that he had not been drinking alcohol, but later told them that he had had a "couple of mixed drinks."[2] Land admits that he remembers nothing that happened at the Hospital after Dr. Stewart administered the shots of Demerol and Phenergan.

### Standard of Review

This court reviews *de novo* the denial of a motion for summary

---

[2]   Land was tried by a jury for public intoxication on the theory that he was drunk on alcohol.  Dr. Stewart testified that he smelled no alcohol on Land's breath when he treated him at the Hospital.  Officer Gray testified that he smelled alcohol on Land's breath, but later admitted that his trial testimony was untrue. Land was acquitted, on the ground that the intoxicating substance he ingested had been prescribed for medicinal purposes.

judgment predicated on qualified immunity. *See Hayter v. City of Mt. Vernon*, 154 F.3d 269, 274 (5th Cir. 1998). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The moving party bears the burden of showing the district court that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

**Discussion**

## I.   Jurisdiction

Land raises the threshold issue of this Court's jurisdiction over the officers' interlocutory appeal based on qualified immunity. *See* Appellee's Br. at 1. "[T]he district court found sufficient evidence and the existence of genuine disputes with regard to material facts that precluded the granting of summary

judgment. Individual officers cannot interlocutorily appeal this kind of fact-based finding of evidence sufficiency." *Id.* (citing *Johnson v. Jones*, 515 U.S. 304 (1995)). Appellants reply that this court does have jurisdiction, because there is no dispute about the facts surrounding Land's arrest. *See* Appellants' Br. at 1-3.

In its order, the district court found that Land had produced summary judgment evidence sufficient to "present material questions of fact that questions [sic] whether [the officers] had probable cause to arrest Land." Court Order at 6-7. The district court also found an issue of material fact as to "whether reasonable officers would have believed that Land committed the offense of public intoxication." *Id.* at 8. Finally, the district court found a material fact issue as to whether the officers' conduct was "objectively reasonable," because it was possible that the objectively reasonable "thing would have been to inquire into [Land's] physical condition." *Id.* at 8-9. Because there were issues of material fact with respect to whether the officers' actions had been objectively reasonable, the district court further found that the officers were also not entitled to official immunity under state law with respect to Land's state law claims. *Id.* at 9-11.

It is clear that, in certain instances, this Court has jurisdiction over qualified immunity claims on interlocutory appeal: "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an

appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The Supreme Court clarified *Mitchell* in *Johnson* and *Behrens v. Pelletier*, 516 U.S. 299 (1996). *See also Hart v. O'Brien*, 127 F.3d 424, 435-36 (5th Cir. 1997). In *Johnson*, the Supreme Court:

> distinguished between orders that resolve legal wrangles and those that determine "evidence sufficiency" disputes. If, for example, the district court denies summary judgment on the basis that, given the set of undisputed facts, the defendant official's conduct was not objectively reasonable in light of clearly established law, the official may seek immediate appeal. If the district court denies summary judgment on the grounds that *material* facts exist which a party may or may not be able to prove at trial, the official must await final judgment before appealing.

*Hart*, 127 F.3d at 435 (citing *Johnson*, 515 U.S. at 312). *Behrens* interpreted *Johnson* narrowly to mean that interlocutory appeals must be denied only "if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred." *Behrens*, 516 U.S. at 313.

In this case, there is very little dispute about what particular conduct occurred. All the evidence the district court cites in favor of Land in finding "genuine disputes with regard to material facts" is, in fact, undisputed by Appellants. No one contests that Land was at the Hospital or that he was sitting quietly on a wall when the officers arrived; no one contests that the officers arrested Land, even though, in truth, no alcohol was

detected; and no one contests that Land cooperated with the officers. *See* Court Order, 7-9. What is contested is whether the officers had probable cause to arrest Land for public intoxication; that is, whether conduct of the officers was "objectively reasonable" under clearly established law. That is a legal question, notwithstanding the district court's characterization of it as a purely factual question.[3] *See Hart*, 127 F.3d at 435-36. As such, the Court has jurisdiction over Appellants' interlocutory appeal of the district court's denial of their summary judgment motion on the ground of qualified immunity, as well as on the ground of official immunity. *See id.*, 127 F.3d at 436.

## II. Qualified Immunity and Official Immunity

Government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Federal courts review claims of qualified immunity under a two-step analysis. First, a court asks whether the plaintiff has asserted

---

[3] Appellate jurisdiction is not precluded simply because the order denying a summary judgment motion based on qualified immunity contains a determination that "material issues of fact remain." *Cantu v. Rocha*, 77 F.3d 795, 803 (5th Cir. 1996)(citing *Behrens*, 516 U.S. 312-13). This Court possesses jurisdiction to "take, as given, the facts that the district court assumed when it denied summary judgment and determine whether these facts state a claim under clearly established law." *Id.* (internal quotes and citation omitted).

a violation of a "clearly established constitutional right." *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991); *Hayter*, 154 F.3d at 274. If so, the court decides whether the defendant's conduct was "objectively reasonable in light of legal rules clearly established at the time of the incident." *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000)(citation and internal quotation marks omitted). The same "objective reasonableness" standard also applies to claims of official immunity under Texas state law. *See City of San Augustine v. Parrish*, 10 S.W.3d 734, 741 (Tex. Ct. App. 1999).

Here, there is no dispute that, if Officers Gray and Hammontree arrested Land without probable cause, Land has asserted a violation of a clearly established constitutional right. The Constitution requires that an arrest must be supported by a properly issued arrest warrant or probable cause. *See Johnston v. City of Houston*, 14 F.3d 1056, 1061 (5th Cir. 1994). An individual has a constitutionally protected right to be free from unlawful arrest and detention. *See* Duckett *v. Cedar Park*, 950 F.2d 272, 278 (5th Cir. 1992).

There is a dispute, however, as to whether the officers' arrest of Land for public intoxication was "objectively reasonable in light of legal rules clearly established at the time of the incident."

> Under settled law, [Officers Gray and Hammontree] are entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest [Land]. Probable cause existed if "at the moment the arrest was

> made . . . the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that [Land] had violated [the Texas public intoxication law].

*Hunter v. Bryant*, 502 U.S. 224, 228 (1991)(citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  In Texas, an individual is publicly intoxicated if (1) he appears in a public place (2) under the influence of alcohol or any other substance (3) to the degree he may endanger himself or another.  *See State v. Ross*, 999 S.W.2d 468, 473 (Tex. App. Houston 14th Dist. 1999)(citing Tex. Penal Code Ann. § 49.02(a) (Vernon Supp. 1998)).  The danger need not be "immediate," and "[i]t is sufficient if the accused renders himself or others subject to potential danger."  *Reynolds v. State*, 902 S.W.2d 558, 560 (Tex. App. Houston 1st Dist. 1995)(citations and internal quotation marks omitted).

The facts and circumstances within the knowledge of the officers are detailed above, *see* discussion, *supra*, and are essentially undisputed.  The officers had reasonably trustworthy information, insofar as their knowledge of these facts and circumstances was derived either from their own observations or from the observations of the Hospital security officer Kennedy. The issue, then, is whether the officers' knowledge of these facts and circumstances was sufficient to warrant their belief that Land was committing the offense of public intoxication.  If so, then the officers' behavior was "objectively reasonable" for purposes of qualified and official immunity, and the district court erred in

denying the officers' motion for summary judgment on immunity grounds.

As to the first element of the Texas law of public intoxication, it is undisputed that Land appeared in a public place. *See Banda v. State*, 890 S.W.2d 42, 52 (Tex. Crim. App. 1994)(en banc)("public" places encompass all those places to which a substantial group of the public has access, including a hospital).

The second element of the public intoxication statute requires the officers to have had a reasonable belief that Land was under the influence of alcohol or any other substance. The district court found that Land had produced sufficient summary judgment evidence to demonstrate that there was a material issue of fact as to this question. *See* Court Order at 7-8. In so finding, the district court pointed to evidence that Land was at the Hospital, that Dr. Stewart had instructed that Land should be returned to the Hospital if his condition changed, and that "Dr. Stewart stat[ed] he did not smell alcohol on Land's breath and even Officers Gray and Hammontree admit there was no smell of alcohol on Land's breath." *Id.* at 7. Further, Land presented evidence that he was "sitting still on a wall" and "was cooperating with the officers." *Id.* at 8.

The Court disagrees that this evidence is sufficient to meet Land's burden of setting forth specific facts showing the existence of a genuine issue for trial. Land has raised only undisputed

evidence, which fails to directly counter other undisputed evidence set forth by Appellants. Texas law is clear that intoxication may be induced by a substance other than alcohol. *See* Tex. Penal Code Ann. § 49.01. Thus, evidence that no one smelled alcohol on Land's breath does not necessarily create a genuine issue for trial.[4] "Intoxication" is defined in Texas as "not having the normal use of mental or physical faculties by reason of the introduction of" some substance "into the body." Tex. Penal Code Ann. § 49.01(2)(A). Appellants presented undisputed evidence that Land's speech was slurred, that his balance appeared unsteady and he staggered and stumbled when he stepped down from the wall, and that Land told Kennedy and Officer Gray that he had taken Vicodin and Soma, and told the officers that he had had some mixed drinks. These observations, coupled with the information the officers received from Kennedy regarding Land's behavior in the waiting room, led the officers to reasonably conclude that Land was under the influence of some substance. *See, e.g., United States v. Fossler*, 597 F.2d 478, 480 (5th Cir. 1979)(officer had probable cause to arrest defendant for public intoxication after observing him leaning

---

[4] Land, as noted above, admits that, as a result of receiving medication, he remembers nothing of the events surrounding his arrest. *See* Appellee's Br. at 16. Nonetheless, he disputes that he was intoxicated, apparently because the intoxicating substance was not alcohol. *See id.* In light of Texas law that one can become "intoxicated" as a result of ingesting substances other than alcohol, Land's "dispute" is nothing more than a conclusional allegation or unsubstantiated assertion, with which he cannot satisfy his summary judgment burden. *See Little*, 37 F.3d at 1075.

against a car, having trouble standing, and exhibiting bloodshot eyes and slurred speech).

The district court relied on the evidence of the "changing testimony" of the officers regarding the smell of alcohol on Land's breath, *see* Court Order at 7-8, to establish that the officers' conduct was not objectively reasonable. Federal law is clear, however, that what is relevant in determining whether probable cause existed is the evidence known to the officer *at the moment* of arrest. *See United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). And Texas law, as explained above, is clear that one can be intoxicated as a result of ingesting substances other than alcohol. Therefore, the subsequent testimony of Officers Gray and Hammontree regarding the particular substance which had intoxicated Land is irrelevant to the analysis of the objective reasonableness of the officers' conduct.

Moreover, to the extent that the district court relied on Officer Gray's false testimony at Land's criminal trial to demonstrate that the officers lacked "good faith" in arresting Land for purposes of official immunity, *see* Court Order at 10-11, the district court erred in two respects. First, the "good faith" clause of the Texas official immunity doctrine is not a separate subjective inquiry, but rather the same objective reasonableness inquiry conducted under the qualified immunity doctrine. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994). Second, the objective reasonableness inquiry does not permit consideration

of the officers' underlying intent or motivation.  In the context of deciding whether officers had used excessive force in arresting a suspect, who subsequently sued the officers under Section 1983, the Supreme Court explained, "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  *Graham v. Connor*, 490 U.S. 386, 397 (1989).

The third and final element of the public intoxication statute requires the officers to have had a reasonable belief that Land endangered himself or others.  The district court apparently found that the officers could not have had a reasonable belief that Land was a danger to himself or others, because "Land was at the [H]ospital and cooperating with the police officers."  Court Order at 8.  The district court then continued, "The evidence presented by [Land] suggests that the reasonable thing to do would be to return Land to the Hospital.  Perhaps, the objectively reasonable thing would have been to inquire into his physical condition.  By not asking about his physical condition, Land's health was at risk as Dr. Stewart stated any change in Land's condition should result in a return to the [H]ospital."  *Id.* at 8-9.

Again, the district court's analysis misses the mark.  Land again raises only undisputed evidence, which fails to directly counter other undisputed evidence set forth by Appellants. Appellants do not dispute that Land was at the Hospital, was

cooperating with the officers, and was sitting quietly on a wall when they arrived.  And undisputed by Land is additional evidence presented by Appellants, and apparently not considered by the district court, that Kennedy informed the officers that Land had set fire to paper near flammable substances and had demonstrated volatile and violent behavior both in the emergency room and outside of it.  From the facts and circumstances within their knowledge at the time of the arrest, Officers Gray and Hammontree could reasonably conclude that Land posed a danger to others.  *See Raley v. Fraser*, 747 F.2d 287, 290 (5th Cir. 1984)(reasonable belief that intoxicated defendant posed danger when defendant had been seen throwing down a sign and heard to talk belligerently).  Moreover, the officers could reasonably conclude that Land posed a threat to himself because he had demonstrated a lack of balance and was in an area where fast-moving Hospital emergency staff and vehicles could run into him if he fell or stumbled.  *See White v. State*, 714 S.W.2d 78, 79 (Tex. App. San Antonio 1986)(man intoxicated in parking lot "created probable cause for arrest for public intoxication" because it was "reasonable to assume that cars would travel in and out" and might hit him).

As to the district court's suggestions that the officers should have taken a different course of action rather than arrest Land, the law is that "[t]he 'reasonableness' of [the conduct] must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*,

490 U.S. at 396 (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)); *see also Hunter*, 502 U.S. at 228. Officers Gray and Hammontree, at the time of the arrest, did not know that Land had been treated at the Hospital, and thus did not know of Dr. Stewart's instructions. Land was properly acquitted at his criminal trial for public intoxication after the full facts and circumstances surrounding his trip to the Hospital and arrest were revealed. Land's acquittal does not, however, conflict with this Court's finding that the officers' conduct was objectively reasonable based on the facts and circumstances known at the time they arrested Land. The Court concludes that qualified and official immunity protect Officers Gray and Hammontree from prosecution as a matter of law.

## Conclusion

The Supreme Court has explained the rationale underlying qualified immunity:

> It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and . . . in such cases those officials–like other officials who act in ways they reasonably believe to be lawful–should not be held personally liable.

*Anderson v. Creighton*, 483 U.S. 635, 641 (1987). This is such a case. Officers Gray and Hammontree "reasonably but mistakenly" concluded that Land was violating the Texas law against public intoxication, and proceeded to arrest him on that belief.

The district court is REVERSED, with summary judgment to be entered in favor of Appellants Gray and Hammontree on their claims

of qualified and official immunity.