Memorandum Opinion of February 4, 2010 Withdrawn.  Affirmed and Substitute
Memorandum Opinion filed March 30, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00662-CR

___________________

 

SANTIAGO GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 185th District Court

Harris County,
Texas



Trial Court Cause No. 1204693

 



 

 

SUBSTITUTE MEMORANDUM OPINION

            The memorandum opinion issued February 4, 2010 is
withdrawn and the following opinion is substituted therefore.  Appellant
Santiago Garcia appeals his conviction for possession of cocaine challenging
the trial court’s ruling on his motion to suppress.  We affirm.

I.  Background

            Late
at night on February 22, 2009, Officer Victor Hung was on patrol and saw
appellant stumbling down a street where several bars were located.  By the time
Officer Hung and his partner reached appellant, he was in the parking lot adjacent
to one of the bars.  Appellant was stumbling, had trouble maintaining his
balance, and officers smelled the strong odor of alcoholic beverage.  Because
he was in a parking lot and had been walking along the street, Officer Hung
believed appellant was a danger to himself and placed him under arrest for
public intoxication.  Officer Hung searched appellant incident to his arrest
and discovered a small bag of cocaine and a handgun.  Appellant was arrested
for possession of cocaine.

            Appellant
filed a motion to suppress the cocaine alleging that the police officers
exceeded their authority in arresting him.  The trial court held a hearing at
which Officer Hung testified that he arrested appellant for public intoxication
and searched him incident to arrest.  Appellant presented the testimony of two
witnesses who stated they were with appellant the night of his arrest and that the
officers did not arrest him before conducting the search.  Appellant’s
witnesses, however, gave conflicting testimony relative to events that occurred
on the night appellant was arrested.  At the conclusion of the hearing, the
trial court denied appellant’s motion to suppress, specifically finding Officer
Hung’s testimony was credible, and the inconsistent testimony of appellant’s
witnesses was not credible.   Pursuant to a plea bargain agreement, appellant
pleaded guilty to possession of cocaine.   The trial court granted permission
to appeal its ruling following Appellant’s guilty plea.  In a single issue,
appellant contends the trial court erred in denying his motion to suppress
because the police officers exceeded their authority in arresting him.

II.  Standard of Review

            The
appropriate standard of review for a suppression ruling is a bifurcated review,
giving almost total deference to the trial court’s findings of fact, but
conducting a de novo review of its application of law to those facts.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  The denial of a
motion to suppress should be upheld if the ruling is reasonably supported by
the record and correct on any theory of the law applicable to the case.  Laney
v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).  

III.  Discussion

Appellant first argues that the State failed to
prove, pursuant to Article 14.03(a)(1), that the officers arrested him in a
suspicious place.  A police officer may make a warrantless arrest if (1) there
is probable cause to believe that an offense has been committed or is being
committed and (2) the arrest falls within one of the statutory exceptions to
the warrant requirement specified in articles 14.01 through 14.04 of the Texas
Code of Criminal Procedure.  Stull v. State, 772 S.W.2d 449, 451 (Tex. Crim.
App. 1989).  Probable cause for a warrantless arrest exists when a police
officer has reasonably trustworthy information, considered as a whole, that is
sufficient to cause a reasonable, prudent officer to believe that a particular
person has committed or is committing an offense.  See Hughes v. State,
24 S.W.3d 833, 838 (Tex. Crim. App. 2000).  A reviewing court is to consider
the totality of the circumstances when determining whether the facts were
sufficient to give the officer probable cause to arrest the defendant.  Chilman
v. State, 22 S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).
 Once a suspect is validly arrested, he may be properly searched incident to
the arrest.  Busby v. State, 990 S.W.2d 263, 270 (Tex. Crim. App. 1999).

            Article
14.03(a)(1) provides:

(a) Any peace officer may arrest, without warrant:

(1) persons found in suspicious places and under
circumstances which reasonably show that such persons have been guilty of some
felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or
offense under Section 49.02, Penal Code, or threaten, or are about to commit
some offense against the laws[.]

Tex. Code Crim. Proc. Ann.
art. 14.03(a)(1) (Vernon Supp. 2009).

            Officer Hung did
not rely on article 14.03 to arrest appellant for public intoxication, but on
article 14.01, which permits a peace officer to arrest an offender without a
warrant for any offense committed in his presence or within his view.  See
Tex. Code Crim. Proc. Ann. art.  14.01(b) (Vernon 2005); see also Atwater v.
City of Lago Vista, 534 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d
549 (2001) (“If an officer has probable cause to believe that an individual has
committed even a very minor criminal offense in his presence, he may, without
violating the Fourth Amendment, arrest the offender.”).  Therefore, the trial
court did not err in denying appellant’s motion to suppress based on his
allegation that the State failed to prove he was arrested in a suspicious
place.

Appellant further argues that Officer Hung did not
have probable cause to arrest him for public intoxication because the State
failed to show that appellant was a danger to himself.  The offense of public
intoxication occurs when an individual (1) appears in a public place while
intoxicated and (2) is so intoxicated that he might endanger himself or
another.  See Tex. Penal Code Ann. § 49.02(a) (Vernon Supp. 2009).  The
danger need not be immediate or apparent; it is sufficient if the defendant
places himself or others in potential danger.  See Dickey v. State, 552
S.W.2d 467, 468 (Tex. Crim. App. 1977).  The only question is whether, under
the facts and circumstances within the officer’s knowledge, he had reasonably
trustworthy information that would warrant a prudent person in believing that
the defendant or others were facing potential danger.  Britton v. State,
578 S.W.2d 685, 689 (Tex. Crim. App. 1978); see e.g., White v. State,
714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no pet.) (probable cause to
arrest for public intoxication existed because of the dangers inherent in a
parking lot).  When an officer is confronted with a person intoxicated in a
public place, his determination as to probable danger that may befall the
individual is not reviewed under the same standard used in a judicial
determination of guilt.  Britton, 578 S.W.2d at 689, citing McCray
v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and Beck
v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

Appellant exposed himself to potential danger by attempting
to walk in a parking lot of a public place while in a state of intoxication.  Therefore,
Officer Hung had knowledge of sufficient facts to warrant his belief that
appellant was intoxicated and may have endangered himself or others.  The facts
and circumstances surrounding appellant’s arrest justify the trial court’s
conclusion that officers had probable cause to arrest appellant for public
intoxication.  Appellant’s sole issue is overruled.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).