Opinion issued
March 1, 2012



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-00054-CR

———————————

CLIFTON
LAMONT PATTERSON, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 179th District Court

Harris County, Texas



Trial
Court Case No. 1126692

 



 

 

MEMORANDUM
OPINION

          A
jury found appellant, Clifton Lamont Patterson, guilty of the offense of
aggravated sexual assault of a disabled individual.  See Tex. Penal Code Ann. § 22.021(a)(l)(A)(i), (a)(2)(C) (Vernon Supp.
2011).  The jury assessed punishment at
30 years in prison.  On appeal, appellant
raises two issues in which he contends that (1) the trial court abused its
discretion by denying his motion to suppress his custodial statement, and (2)
the trial court erred by denying his motion for mistrial.

          We
affirm.

Background

          At
the time of the offense, the complainant, L.P., was a 26-year-old woman, who
had been diagnosed with mental retardation as young child.  L.P. has an IQ of 19 and the mental age of a
32-month-old child.  L.P. lived in a
two-bedroom apartment with her mother, Betty. 


          In
late 2006, Betty met appellant, who was homeless.  Betty felt sorry for appellant and permitted
him to sleep in her car.  After a few
nights, Betty allowed appellant to sleep in her apartment.  Appellant slept in Betty’s bedroom, Betty
slept on the couch, and L.P. slept in her own bedroom.  After a few months, Betty gave appellant a
key to her apartment.

          On the
morning of July 25, 2007, Betty went to work at her job at a nearby hospital.  When Betty left, appellant was sleeping in
Betty’s bedroom, and L.P. was in her own bedroom.  Betty came home later that morning to bring
L.P. and appellant breakfast.  At that
time, everything appeared normal, and Betty returned to work.  Betty returned home around noon to bring
appellant and L.P. lunch.  When she
walked in the apartment, Betty heard L.P. crying.  Betty asked L.P. what had happened.  After L.P. responded, Betty asked appellant
why he had hit L.P.  Appellant stated
that L.P. had attacked him.  Betty did
not believe appellant.  She asked him to
leave the apartment and to return her key. 
Appellant gave Betty the key and left.

          Betty
then went to L.P.’s room where she found L.P. crying hysterically and holding
her arm.  L.P. indicated that appellant
had hit her on the arm.  Betty saw that
L.P. had a bite mark and a large bruise on her arm.  L.P. also began continuously repeating the
following statement: “You did it.  You
did it.  On the floor.  On the floor.  What happened? What happened?”  Betty believed that the “you” referenced by
L.P. was appellant.  Betty then noticed a
droplet of blood the size of a quarter on the floor of L.P.’s bedroom.  She knew that L.P. was not menstruating at
that time.  The blood on the floor and L.P.’s
statements led Betty to fear that appellant had sexually assaulted L.P.  Betty examined L.P.’s genitals and saw that L.P.’s
vaginal area was swollen and irritated.  Betty
observed a vaginal tear and blood.  

          Betty
left the apartment to look for appellant, but she could not find him. Because
she did not have a telephone, Betty went to her workplace, and her boss called
the police.  Betty then returned to the
apartment.  L.P. pointed to her genitals
and to her bottom while repeating, “You did it.  On the floor.”  

          The police
arrived quickly.  One of the officers was
Officer B. Johnson.  L.P. pulled Officer
Johnson by the arm into her bedroom and pointed to four, fresh spots of blood
on the floor.  L.P. was upset and
crying.  She was grabbing her crotch and repeating,
“He did it.  He did it.”  Officer Johnson took a report from Betty,
including a description of appellant.  

          Officer
Johnson sat in his patrol car in the parking lot of Betty’s apartment building
to fill out his report.  He noticed a man
fitting the physical description provided by Betty.  Officer Johnson called appellant over to the
patrol car.  Officer Johnson asked
appellant for identification, which appellant provided.  Officer Johnson saw that appellant’s name
matched that given by Betty as the person she feared had assaulted her
daughter.  

          Officer
Johnson noticed that appellant’s eyes were blood shot, his speech was slurred,
and he smelled of marijuana.  Appellant
was arrested for public intoxication and transported to jail by two other
officers.  Officer Johnson notified the
homicide division, which investigates sexual assaults, that the suspect in the
case had been arrested for public intoxication. 


          That
same day, another officer took L.P. and Betty to the hospital where L.P. was
examined by a medical doctor.  The doctor
found bruising and an abrasion on L.P.’s left forearm and right leg.  Although she was unable to perform a full
pelvic examination, the doctor observed that L.P. had a brownish vaginal
discharge, an abrasion and bleeding indicative of trauma to the vagina.  The doctor’s findings were consistent with
penetration without adequate lubrication.

          The
day after his arrest, while he was still in custody in jail, appellant was
interviewed by Sergeant K. Rivera of the sex crimes unit of the homicide
division.  Sergeant Rivera informed
appellant of his statutory and Miranda rights.  Appellant stated that he understood and
waived these rights.  During his audio
taped interview, appellant stated that he had penetrated L.P. vaginally and
anally but stated that L.P. had initiated the sexual activity. 

          Appellant
was indicted for the offense of aggravated sexual assault of a disabled
person.  The indictment provided in
relevant part as follows:

Clifton Lamont Patterson, hereafter styled the
Defendant, heretofore on or about JULY 25, 2007, did then and there unlawfully,
intentionally and knowingly cause the penetration of the SEXUAL ORGAN of [L.P.],
hereinafter called the Complainant, a DISABLED PERSON, by placing HIS SEXUAL
ORGAN in the SEXUAL ORGAN of the Complainant, without the effective consent of
the Complainant, namely, the Defendant knew that as a result of mental disease
and defect that the Complainant was at the time of the sexual assault incapable
of appraising the nature of the act and of resisting the act.

 

          Appellant
filed a pretrial motion to suppress his recorded statement.  Among his grounds for suppression was his
assertion that Officer Johnson did not have probable cause to make a
warrantless arrest for public intoxication; thus, his statement given while in
custody following his arrest must be suppressed.  Following a hearing at which Officer Johnson
testified, the trial court denied the motion. 


          The
jury found appellant guilty of aggravated sexual assault and assessed his
punishment at 30 years in prison.  This
appeal followed in which appellant raises two issues challenging his
conviction.  

Motion to Suppress

          In
his first issue, appellant contends that the trial court erred in overruling
appellant’s motion to suppress because his custodial statement was “the product
of an illegal arrest.”  Appellant
contends that Officer Johnson lacked probable cause to make a warrantless
arrest for public intoxication. 
Appellant asserts that the evidence did not support a conclusion that a
reasonably prudent officer would have believed that appellant posed a danger to
himself or others, a required showing for the offense of public intoxication. 

A.      Standard of Review

          We
review a trial court’s ruling on a motion to suppress under a bifurcated
standard.  See St. George v. State, 237 S.W.3d 720,
725 (Tex. Crim. App. 2007); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  The trial court is the sole finder of fact and
is free to believe or disbelieve any or all of the evidence presented at a
suppression hearing.  Wiede v. State, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007).
 We give almost total deference to the
trial court’s determination of historical facts that depend on credibility and
demeanor of witnesses, but we review de novo the court’s application of the law
to the facts.  See id. at 25.  When, as here, no findings of fact were
requested or filed, an appellate court reviews the evidence in the light most
favorable to the trial court’s ruling and assumes the trial court made implicit
findings of fact supported by the record.  State v. Ross, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).  The party that prevailed in the trial court
is afforded the strongest legitimate view of the evidence and all reasonable
inferences that may be drawn from that evidence.  See State v. Garcia–Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

B.      Analysis

          In
Texas, a police officer may arrest an individual without a warrant only if (1) the
officer had probable cause with respect to the individual in question, and (2) the
officer has statutory authority to make such a warrantless arrest.  See Torres
v. State, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005).  An officer has statutory authority to make an
arrest when the officer observes a suspect committing a criminal offense.  See Tex. Code Crim. Proc. Ann. art. 14.01(b)
(Vernon 2005) (“A peace officer may arrest an offender without warrant for any
offense committed in his presence or within his view.”).  

          Probable
cause for a warrantless arrest exists if, at the moment the arrest is made, the
facts and circumstances within the arresting officer’s knowledge and of which
he has reasonably trustworthy information are sufficient to justify a prudent
man in believing that the person arrested had committed or was committing an
offense.  Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964); see Parker v. State, 206 S.W.3d 593, 596
(Tex. Crim. App. 2006).  The test for
probable cause is an objective one, unrelated to the subjective beliefs of the
arresting officer, and it requires a consideration of the totality of the
circumstances facing the arresting officer.  Maryland v. Pringle, 540 U.S. 366, 371, 124 S. Ct. 795, 800 (2003);
Beck, 379 U.S. at 96–97, 85 S. Ct. at
228.  A finding of probable cause
requires “more than bare suspicion” but “less than . . . would justify . . .
conviction.” Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310 (1949).

          Here,
the State asserts that Officer Johnson arrested appellant without a warrant because
the officer observed appellant committing the offense of public
intoxication.  The offense of public
intoxication occurs when an individual (1) appears in a public place while
intoxicated and (2) is so intoxicated that he might endanger himself or
another.  See Tex. Penal
Code Ann. § 49.02(a) (Vernon 2011).
 Appellant argues that Officer Johnson did
not have probable cause to arrest him for public intoxication because the State
failed to show that appellant was a danger to himself or others.[1]  

          The
evidence showed that, at the time of the arrest, Officer Johnson possessed the
following information: (1) appellant smelled of marijuana; (2) appellant’s eyes
were bloodshot; and (3) his speech was slurred.  We agree with appellant that these factors alone
are not enough to justify an arrest for public intoxication.  See
Commander v. State, 748 S.W.2d 270, 272 (Tex. App.—Houston [14th Dist.] 1988, no pet.)
(concluding that physical manifestations of alcoholic
consumption alone are not sufficient to constitute public intoxication).  

          The
State asserts that the evidence showed that appellant was a potential danger
either to himself or to others. See Tex.
Penal Code Ann. § 49.02(a).  On cross-examination at the suppression
hearing, the defense asked Officer Johnson how appellant was a danger to
himself.  Officer Johnson responded, “[Appellant]
was intoxicated at the time I arrested him.  He could have fallen, hurt himself, or he could
have [done] anything at that time.  He
could have wandered out into the street.  The apartment complex is located off of North MacGregor which is a very busy street . . . .”

          Appellant
argues that Officer Johnson’s testimony is not sufficient to satisfy the danger
requirement because the possibility that appellant may have been injured was
too speculative.  We disagree with
appellant.  

          The
danger need not be immediate or apparent; it is sufficient if the defendant
places himself or others in potential danger.  See
Dickey v. State, 552 S.W.2d 467, 468 (Tex. Crim. App.
1977).  It is sufficient if the accused
renders himself or others “subject to potential
danger.”  Id.  The only question is
whether, under the facts and circumstances within his knowledge, the officer
had reasonably trustworthy information that would warrant a prudent person in
believing that the defendant or others were facing potential danger.  Britton v. State, 578 S.W.2d 685, 689 (Tex. Crim. App. 1978).  When an officer is confronted with a person
intoxicated in a public place, his determination as to probable danger that may
befall the individual is not reviewed under the same standard used in a
judicial determination of guilt.  Id.  A prudent man could reasonably assume that a person
under the influence of marijuana is at risk to cause injury, not only to
himself, but to motorists, if, as here, he is walking in the vicinity of a busy
street.  See Simpson v. State, 886 S.W.2d 449, 455 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d) (concluding reasonable to assume moving vehicles
posed danger to intoxicated person in street); White v. State, 714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no pet.) (holding
that appellant posed potential danger by being intoxicated in a parking lot
“where it is reasonable to assume that cars would travel in and out”); see also Garcia v. State, No.
14–09–00662–CR, 2010 WL 1223139, at *2 (Tex. App.—Houston [14th Dist.] March 30, 2010, no pet.) (mem. op., not designated for publication.) (“Appellant exposed
himself to potential danger by attempting to walk in a parking lot of a public
place while in a state of intoxication”).

          Viewed
in the light most favorable to the trial court’s ruling, the facts and
circumstances surrounding appellant’s arrest justified a conclusion by the
trial court that Officer Johnson had probable cause to arrest appellant for
public intoxication.  See White, 714 S.W.2d at
79–80.  We hold that the trial
court did not abuse its discretion when it denied appellant’s motion to
suppress.

          We
overrule appellant’s first issue.

Motion for Mistrial

          In
his second issue, appellant asserts that the trial court erred in denying his
motion for mistrial “after the State in final argument commented on Appellant’s
failure to testify.”  Appellant complains
of the following statement made by the prosecutor during closing argument at
the guilt-innocence phase of the trial:

And the defense, I know, is coming up here and the
defense wants to talk about everything in the world but what actually happened
and I don’t blame her.  I mean, if I were
in their same shoes, I would be doing the same thing because if I were Clifton
Patterson, I wouldn’t want to have to talk about what happened.

 

          Defense
counsel objected on the ground that the prosecutor was commenting on
appellant’s decision not to testify.  The
trial court implicitly sustained the objection informing the jury, “Okay.
Ladies and gentlemen, he has the absolute right not to testify and that cannot be
used against him.  I don’t believe that’s
what you are saying.  Please, let’s not
state it.”  The defense then moved for a
mistrial, which the trial court overruled. 


A.      Legal Principles

          We review a
trial court’s denial of a motion for mistrial for an abuse of discretion and
uphold the trial court’s ruling if it was within the zone of reasonable
disagreement.  Archie v. State, 221 S.W.3d 695, 699
(Tex. Crim. App. 2007).  A
mistrial is required only in extreme circumstances, where the prejudice is
incurable.  Id.  “A mistrial is the trial
court’s remedy for improper conduct that is ‘so prejudicial that expenditure of
further time and expense would be wasteful and futile.’”  Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999)).

          Commenting on
an accused’s failure to testify violates his state and federal constitutional
privileges against self-incrimination.  Archie v. State, 340
S.W.3d 734, 738 (Tex. Crim. App. 2011).  Such a violation occurs when “the language
used was manifestly intended or was of such a character that the jury would
necessarily and naturally take it as a comment on the defendant’s failure to
testify.”  Id. (quoting Cruz v. State,
225 S.W.3d 546, 548 (Tex. Crim. App. 2007)). 
      “Mistrial is the appropriate
remedy when . . . the objectionable events ‘are so emotionally inflammatory
that curative instructions are not likely to prevent the jury from being
unfairly prejudiced against the defendant.’” 
Id. at 739 (quoting Young v. State, 137 S.W.3d 65, 71 (Tex. Crim.
App. 2004)).  To evaluate whether the
trial court abused its discretion in denying a mistrial for improper jury
argument, the Court of Criminal Appeals in Hawkins
v. State, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004) adopted the three
factors from Mosley v. State, 983
S.W.2d 249 (Tex. Crim. App. 1998), which balance: (1) the severity of the
misconduct (the magnitude of the prejudicial effect of the prosecutor’s
remarks), (2) the measures adopted to cure the misconduct (the efficacy of any
cautionary instruction by the judge), and (3) the certainty of conviction
absent the misconduct (the strength of the evidence supporting the conviction).
 See
Archie, 340 S.W.3d at 739.  

B.      Analysis

          The first Mosley factor looks at the severity of
the misconduct, or in other words, the magnitude of the prejudicial effect of
the prosecutor’s remarks.  Id. 
In analyzing the first factor, it appears that the prosecutor did not
deliberately refer to appellant’s failure to testify.  Rather, when read in the context of the
record, the prosecutor was responding to the defense’s earlier argument that appellant
should be found not guilty because Officer Johnson did not have probable cause
to arrest him for public intoxication, an issue which was re-litigated at trial
and which the jury was instructed to consider in the jury charge.  Because the complained-of comments were made
in the context of responding to the defense’s argument, the magnitude of any
prejudice was concomitantly diminished.  See id.  at 741.  In addition, the prosecutor’s comment was
brief and not repeated.  Although the
nature of the constitutional right affected by the prosecutor’s remark was
serious, the prejudicial effect was also lessened by the absence of flagrancy
and persistency.  See Perez v. State, 187 S.W.3d 110, 112–13 (Tex. App.—Waco 2006, no
pet.).  We conclude that the extent of
prejudice was not so great here as necessarily to render a firm and timely
curative instruction inefficacious.  See Archie, 340 S.W.3d
at 741.

          Under the
second Mosley factor, the reviewing
court considers the character of the measures adopted to cure the misconduct.  Id.  In this case, the trial court immediately
instructed the jury that appellant had “the absolute right not to testify and
that cannot be used against him.”  The
trial court also indicated that it did not believe that the prosecutor was
commenting on appellant’s decision not to testify but, nonetheless instructed
that the lack of testimony by appellant should not be mentioned.  In addition, the court’s charge instructed
the jury that it could not consider, for any purpose, appellant’s decision not
to testify.  

          The law
generally presumes that instructions to disregard and other cautionary
instructions will be duly obeyed by the jury. 
Id. (citing Gardner v. State, 730 S.W.2d 675, 696
(Tex. Crim. App. 1987)).  Here, given the
context in which it was made, the prosecutor’s comment was “not so indelible
that the jury would simply ignore the trial court’s specific and timely
instruction to disregard [it].”  See id.

          Under the
third Mosley factor, the reviewing
court looks to the certainty of conviction absent the misconduct.  Considering all the evidence, the certainty
of appellant’s conviction absent the prosecutor’s comment was great.  Betty’s testimony regarding what she found
when she came home on the day of the incident was compelling, including L.P.’s
hysterical demeanor, the statements that L.P. continued to repeat, the blood on
the floor, the bite mark on L.P.’s arm, and what she saw when she examined L.P.’s
genitalia.  

          Officer
Johnson testified regarding L.P.’s hysterical and emotional state that day as
well her actions of grabbing her crotch and bottom and repeating, “He did
it.”  Officer Johnson also testified that
he saw fresh blood droplets on the floor of L.P.’s bedroom.  The medical doctor who examined L.P. provided
testimony regarding L.P.’s physical condition, including vaginal trauma and
bleeding.  Lastly, the jury heard
appellant’s statement in which he admitted to having sex with L.P., a person
which the evidence showed has the mental age of a 32 month old child.  In sum, the evidence supporting appellant’s
conviction was strong, and the jury would almost certainly have convicted
appellant regardless of the prosecutor’s comment during his closing argument.  

          Balancing the
three Mosley factors, we hold that
the trial court did not abuse its discretion in denying appellant’s motion for
mistrial.  We overrule appellant’s second
issue. 

Conclusion

          We
affirm the judgment of the trial court.

 

Laura Carter Higley

                                                                      Justice


 

Panel consists of Chief
Justice Radack and Justices Higley and Brown.

 

Do not
publish.   Tex. R.
App. P. 47.2(b).











[1]         Appellant does not argue that he was not
in a public place or that he was not intoxicated at the time of the arrest.