**Affirmed and Memorandum Opinion filed October 24, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00005-CR

---

**DAVID FRIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 67842**

---

## M E M O R A N D U M   O P I N I O N

Appellant David Frias challenges his conviction for possession of a controlled substance on the grounds the evidence was illegally seized. In two issues appellant argues the trial court erred in denying his motion to suppress the evidence because the arresting officer did not have probable cause to arrest appellant for public intoxication. We affirm.

## I. BACKGROUND

Appellant entered a plea of guilty to the offense of possession of cocaine. The cocaine was discovered during a search incident to appellant's arrest for public intoxication. Prior to pleading guilty, appellant filed a motion to suppress in which he argued that the cocaine was seized pursuant to an illegal detention in violation of the United States and Texas Constitutions. The trial court held a hearing on appellant's motion at which the following facts were developed.

On November 17, 2012, at approximately 11:30 in the morning, Alvin Police Officer James Edward heard a report on the radio of a yellow Hummer SUV engaged in reckless driving. While patrolling Alvin for the reckless driver, Officer Edwards heard another report on the radio from Emergency Medical Services technician Brittany Robinson that she had narrowly avoided an accident with a yellow Hummer when it ran a stop sign. Officer Edwards eventually found the yellow Hummer and stopped the vehicle.

Officer Edwards asked the driver and two passengers to exit, and arrested the driver for reckless driving. When speaking with appellant, who was a passenger, Officer Edwards noticed appellant had red glassy eyes, slurred speech, and smelled strongly of alcohol. When Officer Edwards searched the vehicle, he observed several empty beer cans and empty cartons, which ordinarily contain beer cans. Officer Edwards testified that he arrested appellant because, in appellant's intoxicated state, he was a danger to himself. Officer Edwards could not permit an intoxicated individual to remain alone on the side of a public road. At the conclusion of the hearing, the trial court denied appellant's motion to suppress. In two issues, appellant argues Officer Edwards did not have probable cause to arrest him for public intoxication.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard, affording almost total deference to the court's determination of historical facts that depend on credibility and demeanor, but reviewing de novo the court's application of law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as in this case, there are no findings of fact in the record, we uphold the trial court's ruling on any theory of law applicable to the case and presume the court made implicit findings in support of its ruling if those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000).

## III. MOTION TO SUPPRESS

A police officer may make a warrantless arrest if (1) there is probable cause to believe that an offense has been committed or is being committed and (2) the arrest falls within one of the statutory exceptions to the warrant requirement specified in articles 14.01 through 14.04 of the Texas Code of Criminal Procedure. *Stull v. State*, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989). When an officer is confronted with a person intoxicated in a public place, his determination as to probable danger that may befall the individual is not reviewed under the same standard used in a judicial determination of guilt. *Britton v. State*, 578 S.W.2d 685, 689 (Tex. Crim. App. 1978). Probable cause for a warrantless arrest exists when a police officer has reasonably trustworthy information, considered as a whole, that is sufficient to cause a reasonable, prudent officer to believe that a particular person has committed or is committing an offense. *See Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). A reviewing court is to consider the totality of the circumstances when determining whether the facts were sufficient to give the officer probable cause to arrest the defendant. *Chilman v. State*, 22

3

S.W.3d 50, 56 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Once a suspect is validly arrested, he may be properly searched incident to the arrest. *Busby v. State*, 990 S.W.2d 263, 270 (Tex. Crim. App. 1999).

Appellant argues that Officer Edwards did not have probable cause to arrest him for public intoxication because the State failed to show that appellant was a danger to himself or others. The offense of public intoxication occurs when an individual (1) appears in a public place while intoxicated and (2) is so intoxicated that he might endanger himself or another. *See* Tex. Penal Code § 49.02(a). The danger need not be immediate or apparent; it is sufficient if the defendant places himself or others in potential danger. *See Dickey v. State*, 552 S.W.2d 467, 468 (Tex. Crim. App. 1977). The only question is whether, under the facts and circumstances within the officer's knowledge, he had reasonably trustworthy information that would warrant a prudent person in believing that the defendant or others were facing potential danger. *Britton*, 578 S.W.2d at 689; *see e.g.*, *White v. State*, 714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no pet.) (probable cause to arrest for public intoxication existed because of the dangers inherent in a parking lot).

In this case, appellant was a passenger in a vehicle that had been reported driving recklessly and had failed to stop at a stop sign, narrowly avoiding an accident. In *Britton*, in a similar situation, the Court of Criminal Appeals determined that the passenger of a vehicle that had blocked traffic was in sufficient danger to warrant probable cause to arrest the passenger for public intoxication. *Britton*, 578 S.W.2d at 689. The court determined that even though Britton was not the driver of the vehicle, the arresting officer "could have reasonably concluded that appellant was placed in a position of danger by sitting in a car blocking two lanes of traffic. It is reasonable to assume that had appellant not been

4

intoxicated he would have urged the driver to correct the situation or removed himself from the vehicle." *Id.*

Similarly, in this case, appellant was intoxicated and a passenger in a vehicle that was driving recklessly. Appellant argues that, under a Texas constitutional analysis, Officer Edwards cannot rely on the facts surrounding the reckless driving because he did not personally observe the reckless driving. However, an officer may rely on reasonably trustworthy information provided by another person in making the overall probable cause determination. *State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011).

After Officer Edwards stopped the vehicle, and arrested the driver, appellant was not able to drive away. It was reasonable for Officer Edwards to assume that appellant was placed in a position of danger while riding with the reckless driver and that if he had not been intoxicated he would have urged the driver to correct his recklessness, or attempted to remove himself from the vehicle. Further, it was dangerous for appellant, in his state of intoxication, to be abandoned on the side of the road with no transportation. The facts and circumstances surrounding appellant's arrest justify the trial court's conclusion that Officer Edwards had probable cause to arrest appellant for public intoxication. Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress.

We overrule appellant's issues and affirm the judgment of the trial court.

/s/    John Donovan
           Justice


Panel consists of Justices Christopher, McCally, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).

5